The Traveler Shoe
  Company
    vs.                Eq. No. 8496.
Michael J. Higgins,
    et al.

February 1, 1928.

BAKER, J. Heard on demurrer to the bill of complaint.

The complainant, a sub-lessee of a part of a building situated in the City of Providence, seeks to enjoin the respondents from taking down and removing said building, which has been condemned by the respondent Higgins as Inspector of Buildings of the City of Providence.

The chief ground of demurrer urged is that the complainant is not entitled to relief in equity because it has an adequate remedy at law by reason of the provisions of Public Laws, 1923, Chapter 485.

The sections of this chapter, after authorizing the City of Providence to pass certain ordinances, rules and regulations in regard to the construction, repair, maintenance and removal of buildings, provide for the selection of an Inspector of Buildings and define his duties. The chapter in question also sets up a Board of Review to which appeals might be taken by any person aggrieved or affected by any decision or ruling of the Building Inspector, and further provides for an appeal to the Supreme Court from any decision of the said Board of Review.

The respondents contend that the provisions of this statute afford an exclusive and adequate remedy at law. The complainant urges, however, that whatever remedy is given it under said chapter is merely cumulative to such rights as it already had to come into equity and ask for relief.

The law in this State on this question seems fairly well settled and the only difficulty is in its application to the situation as disclosed by the pleadings. It has been held that when a statute creates a new right or liability and gives a specific remedy, then such remedy is exclusive; also, that when a statute authorizes property to be taken for public use or an act to be done which causes injury, and provides a remedy for the recovery of compensation or damages, then such remedy is exclusive. But when a statute provides a new remedy for an existing common law right or liability, then such new remedy is cumulative only unless the common law remedy is excluded expressly or by clear intendment.

In the case at bar the statute involved does not expressly make the remedy given exclusive, nor, in the opinion of the Court, can any such construction be reasonably or fairly deduced from it.

> Inman vs. Tripp, 11 R. I. 520;
> Smith vs. Tripp, 14 R. I. 112;
> Almy vs. Coggeshall, 19 R. I. 459;
> Thackeray vs. Eldigan, 21 R. I. 481;
> Wasson vs. Hoffman, 4 Col. App. 491.

An examination of the cases of Smith vs. Tripp, supra, and Almy vs. Coggeshall, supra, shows that the Court considered that these cases properly belonged in the second class above referred to, in which the statute provided for the recovery of compensation or damages and, therefore, that in these cases the statutory remedy was exclusive. In the other cases, however, the Court found that the remedy provided for in the statute in question was merely cumulative and did not prevent the complainant from seeking relief in equity.

The respondents also urge that the complainant is not in a position to seek an injunction against the enforcement of the ordinance unless it can show irreparable damage or some other circumstances bringing the case under some recognized head of equity jurisdiction, and argue that there is no irreparable damage because under the statute the appeal from the order of the Building Inspector acts as a stay of said order. In the judgment of the Court this is not decisive of the question. The complainant does claim irreparable damage if the order of the Building Inspector be carried out, and, therefore, the only question seems to be whether the remedy given by the statute in question is exclusive or cumulative. It seems to the Court that the complainant, having alleged irreparable damage, had the right to come into equity unless the statute clearly gave an exclusive, adequate, legal remedy.

The respondents claim that this statute falls within the first class of cases referred to in Smith vs. Tripp, supra, namely, that a new right and new remedy were created.

After careful consideration, the Court does not believe this to be the case. It would seem as though the use of this language contemplated a new remedy given to a party as a means or method of enforcing a new right, which is not the position in which the complainant finds itself here. Furthermore, the Court believes that in this case no new right is created in the sense intended by the language of the opinions. The Court thinks that the complainant, having alleged irreparable damage, has a right to come into equity seeking relief against the ordinance in question. The Court finds that the situation in the case at bar more nearly resembles that in the cases of Inman vs. Tripp,

supra, and Thackeray vs. Eldigan, supra, than in Smith vs. Tripp, supra, and Almy vs. Coggeshall, supra.

The Court is of the opinion, therefore, that the remedy given by the statute in question is cumulative merely and not exclusive.

The demurrer is overruled.

For plaintiff: Clason, Brereton & Kingsley.

For defendants: Edwards & Angell.